1

2

3          *POSTED ON WEBSITE*
          *NOT FOR PUBLICATION*

4

5          **UNITED STATES BANKRUPTCY COURT**

6          **EASTERN DISTRICT OF CALIFORNIA**

7

8

9

10    In re                                     )     Case No.  20-21910-E-13
                                                )     Docket Control No.  FF-9
11    TIMOTHY TOBIAS TROCKE,                     )
                                                )
12                    Debtor.                    )
      _____ )

13    **This Memorandum Decision is not appropriate for publication.**
      **It may be cited for persuasive value on the matters addressed.**

14

15                      **MEMORANDUM OPINION AND DECISION**

16              The court has been presented with two competing motions (one for each of the two parties

17    to this Contested Matter) seeking prevailing party attorney's fees for the Objection to Claim portion

18    of the extended battle in this bankruptcy case between Creditor Roger Anderson, Trustee of the

19    RWA Trust dated March 14, 2014 ("Creditor") and Debtor Timothy Trocke ("Movant" or

20    "Debtor").  Creditor had a substantially oversecured claim in this case, for which he received a

21    partial payment in January 2021 of $115,000.00 from the sale of the property securing the claim (the

22    "Property").   This $115,000.00 was ordered to be applied to the principal and interest on his

23    secured claim. Order, Dckt. 180.  The court had drafted an extensive, detailed ruling on this Motion

24    and the competing Motion for Prevailing Party Fees by Debtor.  The substance of those rulings was

25    presented in tentative rulings posted by the court prior to the final hearing and in the court's

26    statements from the bench after final oral argument.

27              Subsequently, the Debtor and Creditor reached an  agreement by which Creditor

28    acknowledged that it was not recovering attorneys fees as part of its claim and amended Creditor's

Proof of Claim removing the fees relating to the Objection to Claim and reduced the claim further as an offset for the fees.

In the Third Amended Proof of Claim 2-4 Creditor filed on September 14, 2021, Creditor states that on August 31, 2021 (the date of the final hearing) the court awarded Debtor $24,185.58 in attorney's fees. These are the amount of the fees stated in the court's tentative ruling and stated at the hearing during final oral argument. As Creditor states, in the Decision on the Objection to Claim, the court determined, after crediting for payments made and allowing for the 18% per annum interest, compounded monthly, the remaining balance of the claim was $48,076.27, computed to July 1, 2021, with the additional per diem accrual of interest of $24.04.

Creditor then computes his claim in this case to be $49,879.29 as of the September 14, 2021 filing of the Third Amended Proof of Claim 2-4. From this balance, Creditor deducts the $24,185.58 (effectuating an offset) in attorney's fees stated in the tentative ruling and at final oral argument from this balance, stating a final claim amount of $25,693.71, as of September 14, 2021.

At the October 12, 2021 hearing on the Motion to Confirm Chapter 13 Plan in this case, Counsel for Creditor and Counsel for Debtor reported the Third Amended Proof of Claim 2-4, Creditor reducing his claim, and Creditor providing for an offset for the $24,185.58 in fees to be awarded to Debtor as the prevailing party in the Objection to Claim Litigation.

The Parties having effectuated what was stated in the tentative rulings and being stated in extensive detail in the draft Memorandum Opinion and Decisions being drafted by the court, the court concludes that it does not need to issue Decisions in such excruciating detail. The court has reduced the Decisions, which include the necessary prevailing party law and analysis, to delete other factual findings and determinations on the prosecution of the case, Objection to Claim, and prevailing party motions.[1]

The court determines that Creditor is not the prevailing party in the Objection to Claim

---

[1] In light of there not being a formal stipulation in writing or stated on the record resolving the two Motions, the court determines that the two Decisions should be entered and orders thereon. While the Decisions are still substantial, there is significant citation to cases and treatises addressing the proper award of prevailing party attorney's fees under California law.

1  Litigation and is not awarded attorney's fees and costs relating thereto.

2                                    **REVIEW OF MOTION**

3         Movant filed this Motion seeking prevailing party fees in the amount of $26,790.00 pursuant

4  to Federal Rules of Bankruptcy Procedure 7054 and 9014(c) and based on the Note & Deed of Trust

5  as applied under California Civil Code § 1717.  Dckt. 278.  Debtor filed an amended motion to

6  reduce the attorney's fees to $24,185.58 to match Creditor's charges, after Creditor filed an

7  Opposition arguing that Debtor's original amount for fees are excessive.  Dckt. 296.[2]

8         Movant states with particularity (FED. R. BANKR. P. 9011) the following grounds in support

9  of the Motion:

10     1.    The attorney's fees requested are related solely to Debtor's Objection to
             Proof of Claim of Creditor Roger Anderson, Trustee of the RWA Trust
11            (RWA Trust), Docket Number FF-8.  The Objection was based on the lack
             of Creditor to amend the claim to provide the necessary documents: history
12            of the promissory note payments and a breakdown of the fees that had been
             charged.
13
14     2.    Debtor argues that had Creditor corrected the failure, the attorney's fees
             incurred by Debtor and Creditor could have been avoided and would have
15            resulted in a fraction of what they are now.  Further, Debtor argues that
             Creditor chose to litigate instead of addressing the problems.

16     3.    Debtor sought to settle the matter with Creditor but such attempts met with
             refusal to fix the problematic documents.
17
18     4.    Debtor requests that he be determined as the prevailing party in both Phase
             1 and Phase 2 of the objection proceedings in FF-8 Objection to Proof of
19            Claim of Creditor Roger Anderson (RWA TRUST).

20     5.    Debtor also requests reasonable attorney's fees to be paid to Debtor's
             attorney, Gary Ray Fraley, in the sum of $26,790.00 and that said fees to be
21            disbursed directly from funds belonging to Creditor based on the Order of
             this court filed July 16, 2021 and held by Chapter 13 Trustee David Cusick.

22     6.    On August 17, 2021, Debtor amended the motion, in order to address
             Creditor's opposition arguing the attorney's fees were excessive, and reduces
23            the attorney's fees to $24,185.58 to match Creditor Roger Anderson's
             ("Creditor") charges.
24

25  _____

26        [2] Sufficient Notice Provided.  The Proof of Service states that the Motion and supporting
    pleadings were served on Debtor, Debtor's Attorney, Chapter 13 Trustee, and Office of the
27  United States Trustee on August 3, 2021.  By the court's calculation, 28 days' notice was
    provided.  28 days' notice is required.  Written Opposition has been filed by Creditor and oral
28  argument was conducted at which respective counsel for each party appeared.

Counsel for Debtor has provided printouts of all the billings by the three attorneys providing services to Debtor with respect to the Objection to Claim. Exhibit A is for billings totaling $26,790.00, for the period December 14, 2020, through July 21, 2021. Exhibit B provides copies of several emails in which Debtor's counsel makes various assertions concerning the conduct of Creditor and Creditor's various counsel. These are reflective of the dysfunctional interaction between the Parties and their Counsel, but do not bear on who is the prevailing party and any award of prevailing party attorney's fees.

## OPPOSITION BY CREDITOR

Creditor begins with the assertion that Debtor's motion cites no authority for why Debtor should be the prevailing party. Dckt. 290. Creditor correctly asserts that while the court at the end of Phase 1 of the proceedings used the term "prevailing party," since the court did not issue a final order at that time, the misuse of that term was corrected in the Memorandum Opinion and Decision on the Objection to Claim ( Dckt. 268, pp. 35:24-36:1). The question of who, if either, of the Parties is the prevailing party is being made now in connection with this Motion and the Motion filed by Creditor. The court now uses the term "successful" for the Phase 1 proceedings, stating that Debtor's Objection to Proof of Claim 2-1 and the Notice of Postpetition Costs and Expenses was successful, from which the court ordered further pleadings to consider Amended Proof of Claim 2-2 and Second Amended Claim 2-3 filed by Creditor while this Contested Matter was before the court.

Creditor then asserts that the success of Debtor in Phase 1 is of no relevance in determining the prevailing party. As in the cases cited by Creditor and by the court above, the court looks at the whole proceeding to determine who, if anyone, has prevailed as that term is used in California Civil Code § 1717. Though Debtor was successful in the Phase 1, that does not dictate that Debtor is the prevailing party for this Contested Matter.

## STATUTORY BASIS FOR AWARDING
## PREVAILING PARTY LEGAL FEES

A request for an award of legal fees in a contested matter is made post-judgment (a "judgment" including a final order from which an appeal may be taken) as provided in Federal Rule of Civil Procedure 54 and Federal Rules of Bankruptcy Procedure 7054(b), 9014(c).

California Civil Code § 1717 (emphasis added) addresses substantive state law making contractual attorney's fees provisions reciprocal and the court determining the prevailing party (if any) to be awarded fees, stating:

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then **the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees** in addition to other costs.
> . . .
> (b)
> (1) **The court**, upon notice and motion by a party, **shall determine** who is **the party prevailing** on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2) [dismissals], the **party prevailing** on the contract **shall be the party who recovered a greater relief in the action** on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.

In Witkin California Procedure, the law relating to the prevailing party is discussed in several sections. These include the following:

(a) [§ 194] Party Recovering Greater Relief.

(1) In General. The party prevailing on the contract is the party who recovered a greater relief in the action on the contract. (C.C. 1717(b)(1); see C.E.B., Attorney Fee Awards 2d, § 6.18 et seq.; Cal. Civil Practice, 4 Procedure, § 33:47 . . . Cases discussing when a party is the prevailing party under this rule include the following:

*Artesia Med. Dev. Co. v. Regency Associates, Ltd.* (1989) 214 C.A.3d 957, 965, 966, 266 C.R. 657 [in plaintiff lessor's unlawful detainer action against defendant lessee and defendant assignee, judgment of forfeiture of lease made plaintiff the prevailing party, even though court allowed defendant assignee to remain in possession as lessee subject to conditions].

*Mustachio v. Great Western Bank* (1996) 48 C.A.4th 1145, 1150, 56 C.R.2d 33 [although plaintiff's claim for punitive damages was rejected on appeal, she was party prevailing on contract because she received damages for breach of contract and conversion].
. . .
*Biren v. Equality Emergency Med. Group* (2002) 102 C.A.4th 125, 139, 140, 125 C.R.2d 325 [defendant who was awarded judgment on its cross-complaint was not prevailing party; judgment was to be applied as credit against larger amount owed to plaintiff, and defendant obtained only "mixed" result on its various claims].
. . .
(4) "Greater Relief" Is Not Necessarily Same as "Net Monetary Recovery." In *Sears v. Baccaglio* (1998) 60 C.A.4th 1136, 1139, 1155, 70 C.R.2d 769, defendant, the lessor of a building, secured a personal guaranty from plaintiff, the principal shareholder of the company to whom the building was leased. The guaranty guaranteed the lessee's performance of the lease and required payment of reasonable attorneys' fees to the prevailing party in any legal action concerning the guaranty.

After the lessee company filed for bankruptcy and defaulted on the lease, plaintiff paid defendant $112,000 under protest. Defendant eventually also received payments from the lessee's bankruptcy estate, rent in mitigation, and the security deposit, totaling, with plaintiff's payment under the guaranty, $359,386. Plaintiff sued defendant for breach of contract and other claims, alleging that the guaranty no longer existed, and requested $112,000 in damages. Defendant cross-complained for an additional $5,461. The trial court found plaintiff liable on the guaranty, but awarded plaintiff over $67,000 in damages, representing the amount that defendant had recovered from the various payment sources exceeding what the lessee had owed to defendant on the lease. The trial court awarded defendant nothing on his cross-complaint. The trial court then awarded defendant attorneys' fees, finding that he had prevailed on the contract issue. Held, affirmed.

(a) C.C. 1717 applies here. The statute plainly applies to contracts including bilateral fee provisions. (60 C.A.4th 1146.) Thus, it permits fees to be awarded in contract actions where the contract provides for an award to the prevailing party, not just to those where the contract purports to permit fees only to a specified party. (60 C.A.4th 1149.)

(b) C.C. 1717 gives the trial court discretion to determine the prevailing party, regardless of which party received the greater amount of damages. The trial court may apply equitable principles and conclude that the person receiving the greater monetary judgment may not be the party recovering "greater relief" on the contract action. (60 C.A.4th 1151.) "In the event one party received earlier payments, settlements, insurance proceeds, or other recovery, the court has discretion to determine whether the party required to pay a nominal net judgment is nevertheless the prevailing party" entitled to attorneys' fees under C.C. 1717. (60 C.A.4th 1154, 1155.)
. . .
SUPPLEMENT
. . .
(4) "Greater Relief" Is Not Necessarily Same as "Net Monetary Recovery." *See Zintel Holdings, LLC v. McLean* (2012) 209 C.A.4th 431, 438, 147 C.R.3d 157 [although tenant was prevailing party for award of costs under C.C.P. 1032, she was not prevailing party for award of fees under C.C. 1717; citing *Sears*]; *Douglas E. Barnhart v. CMC Fabricators* (2012) 211 C.A.4th 230, 239, 149 C.R.3d 440 [subcontractor who successfully defended against contractor's breach of contract claim by showing that no contract existed was prevailing party, even though contractor was awarded monetary relief on promissory estoppel claim; because promissory estoppel claim was not claim "on a contract" within meaning of C.C. 1717(a), subcontractor prevailed on only contract claim in action; citing *Zintel Holdings*].

Witkin California Procedure, Fifth Edition, § 194. As with the prevailing party in *Barnhart*, Debtor was successful in showing that the substantial amount of legal fees, 38% of the total improperly included by Creditor in the Proof of Claim, were not obligations owing under the contract.

The Witkin treatise continues, with a discussion of the discretion given to the judge in determining who is the prevailing party.

///

(1) [§ 197] In General. [Discretion of Judge]

A trial judge has **wide discretion** in **determining who is the prevailing party**. (*Hunt v. Fahnestock* (1990) 220 C.A.3d 628, 633, 269 C.R. 614, infra, § 198; see 16 California Lawyer 60 (July 1996) [determining prevailing party for purposes of C.C. 1717].) Hence, where **plaintiff guarantors failed to prevail on causes of action for damages, but were exonerated from any further liability on their guaranties, the trial judge did not abuse his discretion in awarding them fees**. (*Krueger v. Bank of America* (1983) 145 C.A.3d 204, 217, 193 C.R. 322.)

In *Nasser v. Superior Court* (1984) 156 C.A.3d 52, 202 C.R. 552, plaintiff lessee filed a declaratory judgment action to validate his 3-year option to renew the lease and to set the rent for the option period. The trial judge validated the option but set the rent at an amount higher than that which plaintiff had requested in his declaratory judgment action or previously offered; then the judge ruled that neither party had prevailed and awarded no attorneys' fees. Held, there was no abuse of discretion, because the judgment was both "good news and bad news" for each party. (156 C.A.3d 60; on determination of no prevailing party, see infra, § 199.)

Cases discussing the trial court's discretion to determine the prevailing party include the following:

*Foothill Properties v. Lyon/Copley Corona Associates* (1996) 46 C.A.4th 1542, 1554, 54 C.R.2d 488 [trial court did not abuse discretion in awarding fees to defendant who obtained "simple, unqualified win," even though plaintiff arguably prevailed on claim for right to certain documents; right was never seriously contested and plaintiff received documents before trial; following *Hsu v. Abbara* (1995) 9 C.4th 863, 39 C.R.2d 824, 891 P.2d 804, infra, § 199].

*Acree v. General Motors Acceptance Corp.* (2001) 92 C.A.4th 385, 402, 403, 112 C.R.2d 99 [substantial evidence supported finding that plaintiffs obtained "greater relief" in class action against corporation that provided financing for purchase of automobiles; **although defendant prevailed on majority of contract claims, plaintiffs prevailed on most significant claim, defendant took nothing on its cross-complaint**, and defendant made "weighty" changes in business practices after action was filed].

*Jackson v. Homeowners Assn. Monte Vista Estates-East* (2001) 93 C.A.4th 773, 786, 788, 113 C.R.2d 363 [trial court did not abuse discretion in awarding fees to plaintiffs who **achieved main litigation objective, which was amendment of covenants, conditions, and restrictions** to allow renting of property, **even though plaintiffs received only nominal "nuisance value payment"** for settling case and did not obtain most of requested relief].

*Ajaxo v. E*Trade Group* (2005) 135 C.A.4th 21, 57, 59, 37 C.R.3d 221 [trial court did not abuse discretion in determining that plaintiff, who won "simple, unqualified verdict" on breach of contract claim and established damages over $1 million, was prevailing party, even though plaintiff recovered only fraction of damages it initially sought].

SUPPLEMENT

The following are among the numerous cases discussing the trial court's discretion to determine the prevailing party:

*Ritter & Ritter, Pension & Profit Plan v. Churchill Condominium Assn.* (2008) 166 C.A.4th 103, 125, 82 C.R.3d 389 [homeowners were prevailing parties in action against condominium association and individual directors, where jury awarded damages for association's failure to take remedial action; homeowners also prevailed on request for injunctive relief, forcing association to obtain membership vote on need to perform remediation].

*Federal Deposit Ins. Corp. v. Dintino* (2008) 167 C.A.4th 333, 355, 84 C.R.3d 38 [borrower was entitled to fees incurred in defending against bank's breach of contract claim; **trial court erred in considering bank's success on noncontract causes of action, such as unjust enrichment**, when *determining which party prevailed on sole contract cause of action; citing Hsu v. Abbara* (1995) 9 C.4th 863, 39 C.R.2d 824, 891 P.2d 804, text, § 199].

*Kachlon v. Markowitz* (2008) 168 C.A.4th 316, 349, 85 C.R.3d 532 [home buyers were prevailing party in action against company that home sellers substituted in as trustee to conduct nonjudicial foreclosure; substituted trustee consistently allied itself with sellers on essential issues relevant to claims on promissory note and deed of trust, was not neutral in litigation, and did not limit itself to defending against damage claims based in tort; moreover, trustee's immunity from liability under C.C. 47 (5 Summary (11th), Torts, § 662) did not prevent it from being liable for attorneys' fees under C.C. 1717].

*In re Tobacco Cases I* (2013) 216 C.A.4th 570, 578, 156 C.R.3d 755 [trial court **did not abuse "broad" discretion in determining that People of State of California prevailed** in action against tobacco company to enforce consent decree; People accomplished **main litigation objective of stopping company's use of cartoons in advertising in California**, even **though their secondary claim that advertisement adjacent to publisher's cartoons was unlawful did not succeed**].

*Holguin v. DISH Network LLC* (2014) 229 C.A.4th 1310, 1327, 178 C.R.3d 100 [trial court did not abuse discretion in determining that homeowners sufficiently prevailed on breach of contract claim against installers and providers of telecommunications services; homeowners prevailed on every element of contract action and were awarded economic damages; trial court did not have to make finding of damages specific to breach of contract, nor did plaintiffs have to propose verdict form that specifically addressed contract damages].

*In re Marriage of Nassimi* (2016) 3 C.A.5th 667, 697, 207 C.R.3d 764 [where dissolution judgment provided for attorneys' fees in proceeding brought "to interpret or enforce any of the provisions of this judgment," remand was necessary to determine who, if anyone, was prevailing party in action to determine whether former spouses had to share obligation for third-party claim].

*San Diego County Water Authority v. Metropolitan Water Dist. of Southern Calif.* (2017) 12 C.A.5th 1124, 1164, 220 C.R.3d 346 [reversal of judgment for water authority necessitated redetermination of prevailing party on remand; water authority no longer possessed simple, unqualified win].

*Pont v. Pont* (2018) 31 C.A.5th 428, 443, 242 C.R.3d 616 [family law court properly determined that husband, who obtained dismissal of wife's action in another court alleging that husband had dissipated community assets and then defeated wife's attempt to amend her defective complaint, was prevailing party; **husband achieved his litigation objective of defeating wife's attack on stipulated marital dissolution judgment**].

*Id.*, § 197 (emphasis added).

In *Hsu v. Abbara*, 9 Ca.4th 863, 875-876 (1995), the California Supreme Court discussed prevailing parties, stating (emphasis added):

> Since the 1987 amendment of section 1717, the appellate courts have continued to recognize the trial court's authority to determine that there is no party prevailing on the contract for purposes of contractual attorney fees, but **for the most part these have also been cases in which the opposing litigants could each legitimately claim some success in the litigation.** One case, for example, involved cross-actions by neighboring landowners for breach of covenants, conditions, and restrictions (CC & R's) containing an attorney fees provision. (*Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 11 Cal.Rptr.2d 723.) **Because ultimately no relief was awarded to any party under the CC & R's, the Court of Appeal found, as a matter of law, that there was no party prevailing on the contract under section 1717.10** (*Bankes v. Lucas, supra*, 9 Cal.App.4th at p. 369, 11 Cal.Rptr.2d 723; *see also McLarand, Vasquez & Partners, Inc. v. Downey Savings & Loan Assn.* (1991) 231 Cal.App.3d 1450, 1456, 282 Cal.Rptr. 828.)

> As one Court of Appeal has explained, **"[t]ypically, a determination of no prevailing party results when both parties seek relief, but neither prevails, or when the ostensibly prevailing party receives only a part of the relief sought."** (*Deane Gardenhome Assn. v. Denktas* (1993) 13 Cal.App.4th 1394, 1398, 16 Cal.Rptr.2d 816.) By contrast, when the results of the litigation on the contract claims are not mixed—that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other—the Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant. Thus, when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law. *(See, e.g., Melamed v. City of Long Beach* (1993) 15 Cal.App.4th 70, 84, 18 Cal.Rptr.2d 729; *Deane Gardenhome Assn. v. Denktas, supra*, 13 Cal.App.4th 1394, 1398, 16 Cal.Rptr.2d 816; *Elms v. Builders Disbursements, Inc., supra*, 232 Cal.App.3d 671, 674–675, 283 Cal.Rptr. 515; *Manier v. Anaheim Business Center Co.* (1984) 161 Cal.App.3d 503, 505–509, 207 Cal.Rptr. 508.) Similarly, a plaintiff who obtains all relief requested on the only contract claim in the action must be regarded as the party prevailing on the contract for purposes of attorney fees under section 1717. *(E.g., Texas Commerce Bank v. Garamendi* (1994) 28 Cal.App.4th 1234, 1247, 34 Cal.Rptr.2d 155; *Smith v. Krueger* (1983) 150 Cal.App.3d 752, 757, 198 Cal.Rptr. 174.)

> We are persuaded that this construction of section 1717 properly reflects and effectuates legislative intent. It is consistent with the underlying purposes of the statute—to achieve mutuality of remedy—and it harmonizes section 1717 internally by allowing those parties whose litigation success is not fairly disputable to claim attorney fees as a matter of right, while **reserving for the trial court a measure of discretion to find no prevailing party when the results of the litigation are mixed.**

> Accordingly, we hold that in deciding whether there is a "party prevailing on the contract," the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. **The prevailing party determination is to be made only upon final resolution of the contract claims and only by "a comparison of the extent to which each party**

**ha[s] succeeded and failed to succeed in its contentions**." (*Bank of Idaho v. Pine Avenue Associates* (1982) 137 Cal.App.3d 5, 15, 186 Cal.Rptr. 695.)

It is also discussed in the Witkin Treatise that there may be multiple prevailing parties, if there are multiple independent contracts. Witkin California Procedure, Fifth Edition, § 197. Thus, a party may be the prevailing party as to part of the litigation and may be awarded fees for that claim.

**Computation of Prevailing Party Attorney's Fees**

Unless authorized by statute or provided by contract, attorney's fees ordinarily are not recoverable as costs. Cal. Code Civ. Proc. § 1021; *International Industries, Inc. v. Olen*, 21 Cal. 3d 218, 221 (Cal. 1978). The prevailing party must establish that a contractual provision exists for attorney's fees and that the fees requested are within the scope of that contractual provision. *Genis v. Krasne*, 47 Cal. 2d 241 (1956). In the Ninth Circuit, the customary method for determining the reasonableness of a professional's fees is the "lodestar" calculation. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), amended, 108 F.3d 981 (9th Cir. 1997). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales*, 96 F.3d at 363 (citation omitted). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). An attorney's fee award based on the lodestar is a presumptively reasonable fee. *In re Manoa Fin. Co.*, 853 F.2d 687, 691 (9th Cir. 1988).

In rare or exceptional instances, if the court determines that the lodestar figure is unreasonably low or high, it may adjust the figure upward or downward based on certain factors. *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 620 n.4 (9th Cir. 1987). Therefore, the court has considerable discretion in determining the reasonableness of a professional's fees. *Gates v. Duekmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Having this discretion is appropriate "[i]n view of the [court's] superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437.

**DECISION THAT DEBTOR IS A PREVAILING PARTY**

In determining whether Debtor was the prevailing part in the Objection to Claim Litigation,

the court begins with the ruling on the Objection to Claim. Creditor included $34,731.00 of legal

fees, plus the 18% compounded interest thereon in his Proofs of Claim filed in this case. These legal

fees were  what was at issue in the Objection to Claim Litigation, not the principal, other costs and

expenses added thereto, and the 18% interest thereon, compounded monthly.  The court disallowed

$13,186.00 of such legal fees and $353.06 of the compound interest relating thereto.  Objection to

Claim Mem. Op. and Dec., pp. 24-27; Dckt. 268.

**Consideration of Phase 1 Success and Failure**

Creditor has argued that because the court did not enter a final order on Phase 1 of the

proceedings, Debtor cannot be considered to be a prevailing party for that Phase.  This presents an

interesting issue.  The law is well established that a party may be the prevailing party on one claim

and be awarded legal fees, but not prevail on another claim, and not be awarded legal fees as to that

portion of the litigation, but only based on the final judgment/adjudication (such as a dismissal).

The court could treat Phase 1 as a "dismissal," where leave was granted to file a new proof of claim.

Then Phase 2 constitutes a separate "claim" (objection) by Debtor to the further amended Proof of

Claim.

The court does not "creatively" or "liberally" construct such an argument.  The court was

convinced that neither the Parties nor the court would be well served by repeated filings of amended

proofs of claim and repeated objections thereto.  The court considers the totality of the Objection

to Claim litigation in this Contested Matter to determine the prevailing party.

In the Objection to Claim litigation for which this prevailing party fee request relates, the

court reviewed Creditor's and Creditor's counsel's conduct in filing proofs of claim and notices of

postpetition costs and expenses:

> Federal Rule of Bankruptcy Procedure section 3001(c)(2) requires that
> creditor include or attach certain documents with their proof of claim in order to
> substantiate their claim. Specifically, FRBP section 3001(c)(2)(A) requires a creditor
> to provide "an itemized statement of the interest, fees, expenses, or charges."
> Additionally, pursuant to FRBP 3001(c)(2)(B) requires a creditor to provide "a
> statement of the amount necessary to cure any default as of the date of the petition."
> Finally, section 3001(c)(2)(C) requires a creditor with a secured claim over a
> debtor's principal residence, must attach the "appropriate official form."
>
> **Here, Proof of Claim 2-1 did suffer from failure to itemize the various
> expenses and charges.**

11

For a Notice of Postpetition Mortgage Fees, Expenses and Charges, the Bankruptcy Rules impose a similar requirement. Federal Rule of Bankruptcy Procedure 3002.1(c) provides:

> (c) Notice of Fees, Expenses, and Charges. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

**Here, a review of the Notice filed on December 21, 2020 shows that, though including the amounts allegedly owed, the Notice does not contain supplemental documents itemizing the fees, expenses or charges. Thus, the December 21, 2020 Notice fails to meet the requirements of FRBP 3002.1.**

In the responsive pleadings, there appears to be itemizations for Debtor and his counsel to review.

**Creditor filed Amended Proof of Claim 2-2 on January 26, 2021. The Official Form for a mortgage is still not properly completed**, but is followed by six (6) pages breaking down account activity from August 7, 2018 through January 21, 2021. Creditor also filed an Amended Notice of Postpetition, Mortgage Fees, Expenses, and Charges on January 19, 2021. This amended Notice, also attached to amended Proof of Claim 2-2, provides a billing summary of attorney's fees and an invoice listing the different charges related to the loan since August 2019 through December 2020.

**As addressed above, Proof of Claim 2-1 suffers from shortcomings and some clearly inaccurate statements under penalty of perjury (such as the entire obligation must be paid to cure the pre-petition arrearage).** Creditor, and counsel, may feel frustrated that Debtor has elected to go through multiple bankruptcies [one prior Chapter 7 in which Debtor obtained his discharge, 19-27969], but such is not an excuse.

Civil Minutes from February 2, 2021 hearing, pp. 9-10; Dckt. 211. As addressed in the Civil Minutes above, even after hearings commenced and Creditor had the opportunity to correct the error, Creditor continued to file defective proof of claim forms.

The Civil Minutes continue, with the court explaining why the court was continuing the hearing in phases rather than entering an order sustaining the Objection and authorizing Creditor to file a motion to file amended claim after objection to claim was sustained.

At the hearing, the court addressed with the Parties bifurcating the current objections. Phase 1, the Objection to Proof of Claim 2-1 and the **"Notice of Postpetition Mortgage Fees, Expenses, and Charges** being sustained due to the failure of Creditor to provide the required itemizations in support of both.

12

> However, in light of Creditor having now provided such itemizations in Opposition to this Objection, <u>to save the Parties the cost in time and money of sustaining the objection with leave to file an amended claim, then having a possible second objection and all of the pleadings already filed by Creditor recreated, the court, with the Parties concurrence,</u> has set further hearing on "Phase 2" of the Objections - <u>that being the Debtor filing objections, if any, to the Proof of Claim based on the itemizations provided in the Opposition.</u>

*Id.*, p. 11 (bold emphasis in original, <u>underlined emphasis</u> added). This is where the court attempted to get the parties on a more cost effective track and to get Creditor to comply with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure.

The ruling on the Phase 1 portion, in which Debtor knocked out Proof of Claim 2-1 and showed the defects in Amended Proof of Claim 2-2, is part of the totality of the circumstances, objections asserted, and objections succeeded on for determination of the prevailing party on this dispute arising under the contract (the Note) and applicable California law.

**Disallowance of $13,186.00 in Legal Fees**
**Included in Secured Claim (38% Reduction) and**
**$13,186.00 as an Unsecured Claim (100% Reduction)**

Creditor cites back to this court's Memorandum Opinion and Decision re Objection to Claim in which the court stated the final ruling that sustained Debtor's Objection to $13,186.00 in legal fees included in Creditors First and Second Amended Proofs of Claim 2-2, 2-3 (Creditor having asserted the claim in various proofs of claim and other documents filed in a rolling format during the Objection to Claim Contested Matter), plus $353.06 in interest thereon, for a total disallowed amount of $13,539.06.

The court determined that there remained $48,076.29, which included the accrual of the 18% compounded monthly interest, owed Creditor on his secured claim in this case computed to July 1, 2021. Obj to Claim Mem. Op. and Dec., p. 36:10-17; Dckt. 268.

The court also sustained the Debtor's Opposition and Objection to Creditor asserting that the disallowed amount of the claim totaling $13,186.00 was required to be allowed as an unsecured claim. Thus, the court disallowing $13,186.00 (38% of the total amount included in the claim) as part of Creditor's secured claim, and an additional $13,186.00 (100%) which Creditor asserted as a general unsecured claim. As stated in the Memorandum Opinion and Decision, the court did not disallow the $13,186.00 as part of the secured claim due to there not being sufficient value in the

1  collateral or as an unsecured claim based on the "equities," but determined that Creditor had no right

2  under the applicable law and contract terms to the $13,186.00, plus the $353.06 in compound

3  interest claimed on the amount of fees not allowed. *Id*., p. 2:10-13.

4      In addressing the secured claim and the sale of Creditor's collateral, the court ordered the

5  $115,000.00 of the proceeds from the sale of Creditor's collateral be immediately disbursed to

6  Creditor to not only reduce the claim, but as well not allowing the undisputed amounts of principal

7  and interest thereon to be held "hostage" over a dispute concerning a minor amount of the total

8  claim. Order, Dckt. 180. This left the Objection to Claim battle focused on the actual dispute, only

9  that portion of the legal fees that Creditor demanded to be paid based on the Proof of Claim being

10  *prima facie* evidence of the obligation.

11      In the Memorandum Opinion and Decision for the Objection to Claim, the court

12  "summarized" the various amounts claimed by creditor that were the subject of the Supplemental

13  Objection. The court first addressed the objection based on alleged improper Block Billing. These

14  amounts totaled $6,917.50. *Id*., Addendum B. The court overruled the blanket objection based on

15  "Block Billing," noting that these items were billings by Creditor's counsel, some of which would

16  be addressed under other objection grounds:

17
18          Though there are some issues to be addressed with respect to the legal fees sought,
           neither Ms. Nagata nor Mr. Normandin, and their respective firms, have committed
           the billing sin of Block Billing. The court overrules Debtor's Objection based on
19          "Block Billing."

20  *Id*., p. 16:16-18.

21      The court then addressed the Objection based on improperly billing for administrative and

22  clerical work done by Creditor's attorney's office (the vast majority of the billings being by non-

23  attorneys). The court disallowed all (100%) of the administrative and clerical work fees billing,

24  which totaled $3,002.50. *Id*., pp.18:1-21:6; Addendum C-1.

25      Next, the court disallowed the legal fees and costs relating to the December 22, 2020 hearing

26  and Creditor's Counsel drafting deficient proofs of claim which resulted in the filing of the

27  Objection(s) to claim. Pursuant to the Debtor's Objection, the court disallowed all (100%) of the

28  objected to fees for the Phase 1 portion of this Objection and a portion of the fees billed by

1	Creditor's counsel for the December 22, 2020 hearing on the Motion to Sell Creditor's collateral,

2	which totaled $8,683.50. *Id*., pp. 21:15-23:21; Addendum C-2.

3	　　　　The total disallowed fees are shown in the table on pages 24 and 25 of the Memorandum

4	Opinion and Decision. *Id*., pp. 24:1-25:18. Creditor requested $34,731.71 in legal fees, of which

5	the court allowed $21,545.71. Thus, Debtor successfully reduced the attorney's fees advocated for

6	by Creditor and Creditor's counsel through the final hearing by 38%. *Id*., p. 25:1-18.

7	　　　　Further, the court reduced the Claim by an additional $353.06 for the interest Creditor

8	included in his Claim which were computed on, and included in the Claim, for the legal fees which

9	the court did not allow. *Id*., pp. 25:22-27:4; Addendum D.

10	　　　　While Debtor did a shotgun general "Objection to all legal fees" based on Creditor's

11	repeated failure to file proofs of claim and notices of postpetition costs and expense as required by

12	law, the material substance of Objection to Claim was based on focused objections to specific legal

13	fees. For these specifically identified, focused objections, Debtor was able to reduce the total legal

14	fees claimed by Creditor by $13,186.00, 38% of the total legal fees claimed by Creditor, plus

15	$353.06 in 18% compound interest thereon that Creditor included in his claim. This is not an

16	insignificant reduction, either in dollar amount or percentage.

17	　　　　Additionally, Debtor prevailed in objecting to 100% of the $13,186.00 unsecured claim

18	which Creditor asserted the right to for any amounts of legal fees that were not allowed under the

19	contract or California law. *Id*., pp. 30:24-35:6. Creditor made this legal theory and argument in the

20	non-lawyer Creditor's Declaration, Dckt. 249. With this, Creditor was seeking to have the

21	$13,186.00 in legal fees the court determined were not owed under the contract and California law

22	allowed as the unsecured portion of Creditor's claim.

23	　　　　As the court stated in the Objection to Claim Memorandum Opinion and Decision, such

24	assertion was based on incorrectly citing Georgia law that does not apply to this Claim and ignored

25	California law that applies to this Claim. *Id*., pp. 31:9-12, 33:7-10. There was no valid legal basis

26	for Creditor and his Counsel to assert that Creditor would be given an unsecured claim for attorney's

27	fees that were not owed to Creditor under the contract and applicable California law. In litigating

28	for this to be included in his claim, Creditor necessitated that Debtor proceed with that part of the

1    Objection.

2          In substance, Creditor had 38% of the secured claim at issue not allowed because they were

3    for legal fees not recoverable under the contract or California law.  In addition, Creditor had 100%

4    of the unsecured claim Creditor asserted not allowed.

5          Debtor is the prevailing party in the Objection to Claim Litigation with Creditor.

6    
7    **Determination of Reasonable Prevailing Party**
     **Attorney's Fees**

8          Debtor has provided detailed billing statements for the fees requested.  Exhibit A, Dckt. 281.

9    The billing entries are appropriately detailed and are not done as "block billing."  The time entries

10   for the legal services billed are reasonable.  The Opposition by Creditor does not call into question

11   or challenge any of the entries, the time billed or the dollar amount requested.

12         On August 17, 2021, Debtor voluntarily reduced the fees requested to $24,185.58, which is

13   stated to be the $21,135.00 requested by Creditor in his Motion for Prevailing Party Attorney's Fees,

14   Dckt. 274, plus $2,637.09 and $112.50 which was charged by Creditor's prior counsel to discuss the

15   Objection to Claim, plus $300.00 which is equal to the court disallowing fees for Creditor's prior

16   counsel in connection with the December 22, 2020 hearing on the Motion to Sell Property.

17         The legal fees documented by Debtor's counsel are $26,790.00, with Debtor proactively

18   reducing the legal fees to $24,185.58.  Dckt. 296.

19         The court having determined that Movant is the prevailing party and that California Civil

20   Code § 1717 provides that the prevailing party shall be awarded attorney's fees, the court determines

21   that the requested $24,185.58 in attorney's fees is reasonable in this Contested Matter for services

22   provided in litigating the objection proceedings with respect to Debtor's objection to Creditor's

23   Proof of Claim 2.

24   **Dated:**  November 16, 2021                    **By the Court**

25

26

27   _____

28   **Ronald H. Sargis, Judge**
     **United States Bankruptcy Court**

                                             16

# Instructions to Clerk of Court
### Service List - Not Part of Order/Judgment

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| Debtor(s) | Attorney for the Debtor(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Attorney for the Trustee** (if any) | Marisol A. Nagata, Esq.<br>1520 Commerce Street, Ste. B<br>Corona, CA 92880 |
| Tom Roddy Normandin, Esq.<br>2122 N. Broadway, #200-BK<br>Santa Ana, CA 92706-2614 | Marisol Nagata, Esq.<br>90 Discovery<br>Irvine, CA 92618 |